UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DAVID JENNINGS
    Plaintiff,

vs.

ANDREW POLLOCK, Broward County Sherriff Deputy, in his individual and official capacity; JAYSON MORENO, Broward County Sherriff Deputy, in his individual and official capacity; RAYMOND MAYCOCK, Broward County Sherriff Deputy, in his individual and official capacity; JUSTIN VICTOR LUGO, Broward County Sherriff Deputy, in his individual and official capacity; Lieutenant JEAN-BAPTISTE, Broward County Sherriff Deputy, in his individual and official capacity; JAVON NORMAN FOX, Broward County Sherriff Deputy, in his individual and official capacity.

    Defendants.
_____/

## COMPLAINT

**COMES NOW** Plaintiff, DAVID JENNINGS (hereinafter "Plaintiff" or "Mr. Jennings"), by and through the undersigned counsel and does hereby file this Complaint against the Defendants, ANDREW POLLOCK, Broward Sherriff Deputy, in his individual and official capacity; JAYSON MORENO, Broward Sherriff Deputy, in his individual and official capacity; RAYMOND MAYCOCK, Broward Sherriff Deputy, in his individual and official capacity; JUSTIN VICTOR LUGO, Broward Sherriff Deputy, in his individual and official capacity; Lieutenant JEAN-BAPTISTE, Broward Sherriff Deputy, in his individual and official capacity; JAVON NORMAN FOX, Broward Sherriff Deputy, in his individual and official capacity; (hereinafter collectively referred to as "Defendants").  In support thereof, Plaintiff states the following:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

2. Venue is proper in Broward County, Florida, because the acts and omissions giving rise to this Complaint occurred in Broward County, Florida.

3. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

## PARTIES

4. Plaintiff, DAVID JENNINGS, was a resident of Broward County, Florida and is otherwise *sui juris*.

5. Defendants ANDREW POLLOCK; JAYSON MORENO; RAYMOND MAYCOCK; JUSTIN VICTOR LUGO; Lieutenant JEAN-BAPTISTE (CCN #7566); and JAVON NORMAN FOX, are or were, at all times material hereto, employees of the Broward County Sheriff's office, and thus employees of Broward County, are over eighteen (18) years of age, and upon information and belief are residents of Broward County, Florida and are otherwise *sui juris*.

6. At all times relevant to this cause, Defendants acted within the course and scope of their employment. At all times, Defendants acted under color of law.

7. In connection with the acts, practices and violations alleged below, Pollock, Moreno, Maycock, Lugo, Jean-Baptiste, and Fox, have each, acting within the course and scope of their employment for the City and under color of law, directly violated Mr. Johnson's clearly established constitutional rights, as well as statutory and common law duties owed to Mr. Jennings.

8.   This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff have a viable claim for damages under 42 U.S.C. § 1983.

## GENERAL ALLEGATIONS

9.   On May 31, 2019, Plaintiff was unlawfully battered with excessive force used by Defendant Officers during Plaintiff's arrest.

10.  On that day, Mr. Jennings was driving within Lauderdale Lakes city limits in Broward County, Florida.

11.  Mr. Jennings was giving an older gentleman, Roosevelt Brown (hereinafter "Mr. Brown"), who was unable to drive, a ride.

12.  At this time, Mr. Jennings was stopped by Broward County Sherriff Deputy David Celis (hereinafter "Deputy Celis") for a temporary tag placed in an improper location.

13.  Upon the stop, Deputy Celis stated that he saw an open alcoholic beverage with the print "Lime-A-Rita" in the center cup holder.

14.  At which time Deputy Celis ordered both occupants, Mr. Jennings and Mr. Brown, out of the vehicle.

15.  Upon questioning, both occupants stated that the alcoholic beverage was not theirs.

16.  Mr. Brown was subsequently arrested for an unrelated outstanding warrant.

17.  Mr. Jennings was then arrested for Possession of an Open Alcoholic Beverage Within a Motor Vehicle.

18.  Mr. Jennings, upset that he was being arrested, made statements to the arresting officers, to wit: empty threatening statements about killing the officers and their families.

19. At the time Mr. Jennings made these statements he was handcuffed and harmless.

20. Mr. Jennings was then transferred to the Central Intake Sally-Port for booking.

21. At this time, the Defendants all surrounded Mr. Jennings during his booking process, presumably due to Mr. Jennings' prior comments to the initial arresting officers.

22. Defendant Lugo instructed Mr. Jennings to take off his shoes, and Mr. Jennings subsequently took them off.

23. Defendant Lugo instructed Mr. Jennings to take off one of his two shirts that he had on, and Mr. Jennings took it off. Mr. Jennings, despite feeling that he was being treated unfairly, complied with the Defendants' directions.

24. After Mr. Jennings took off his shirt, Defendant Fox grabbed Mr. Jennings left arm and bent the arm backwards to the middle of his back.

25. Defendant Lugo and Defendant Fox forcefully guided Mr. Jennings into a "strip search cell."

26. Defendant Lugo and Defendant Fox then forcefully shoved Mr. Jennings front body and face into the wall of the strip search cell.

27. Defendants Maycock, Moreno, Jean-Baptiste, and Pollock then also grabbed Mr. Jennings, forcing him to the ground.

28. Defendant Moreno grabbed Mr. Jennings ankles and pulled, sweeping Mr. Jennings to the ground. At this time, Defendants Fox, Lugo, Maycock, Moreno, Jean-Baptiste, and Pollock all began to punch Mr. Jennings several times in the face, back, and torso.

29. Mr. Jennings was severely injured as a result of the abuse of force from the Defendants.

30. After the Defendants exercised unreasonable, unnecessary, and excessive force against Mr. Jennings, Mr. Jennings was transferred to Broward Health Medical Center.

31. Mr. Jennings was diagnosed with a right orbital fracture as a result of blunt force trauma.

32. The blunt force trauma that caused the fracture was the unwarranted, unnecessary, and excessive force that the Defendants used against him during the booking process of his arrest.

33. At all times relevant to this incident, Plaintiff was unarmed, and posed no threat of immediate harm or death to Defendants.

34. As a result of Defendants excessive use of force, Plaintiff sustained injuries and endured pain and suffering.

### COUNT I: DEPRIVATION OF CIVIL RIGHTS BY EXCESSIVE USE OF FORCE IN VIOLATION OF 42 U.S.C. SECTION 1983 AGAINST ALL DEFENDANTS

52. Plaintiff hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 34 above.

53. Plaintiff posed no risk of harm to Defendants.

54. As Defendant Fox grabbed Mr. Jennings left arm and bent the arm backwards to the middle of his back he did so unnecessarily and excessively.

55. As Defendant Lugo and Defendant Fox forcefully shoved Mr. Jennings front body and face into a wall, they did so unjustifiably.

56. As Defendants Fox, Lugo, Maycock, Moreno, Jean-Baptiste, and Pollock all punched Mr. Jennings several times in the face, back, and torso, – breaking Mr. Jennings' orbital bone – they did so unjustifiably and excessively.

57. Mr. Jennings was severely injured as a result of the abuse of force from the Defendants.

58. The Defendants were therefore malicious, reckless, callous and acted with deliberate indifference to Plaintiff's rights.

59. The battery of Plaintiff was the result of conduct that was reckless, malicious, and deliberately indifferent to Plaintiff, and in depriving him of his constitutional rights.

60. Defendant Officers, while acting under color of law as authorized officers and agents of Broward County and the Broward County Sherriff's Office, and while booking the Plaintiff in purported furtherance of their official duty, caused a constitutional deprivation of the rights of Plaintiff, under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

61. The actions alleged in this Complaint directly and proximately resulted in injury to Plaintiff.

77. As a direct result of the grossly negligent and/or intentional misconduct of Defendants as set out in this Complaint and associated deliberate indifference, Plaintiff was injured, and is entitled to recover damages flowing from the deprivations of Plaintiff's constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of Federal Law.

78. Plaintiff is entitled to attorney's fees expended in this litigation pursuant to 42 U.S.C. Section 1988.

WHEREFORE, Plaintiff demands judgment and compensatory and punitive damages against Defendants, and in addition demands attorney's fees and costs pursuant to 42 U.S.C. Sections 1983 and 1988 and demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF DAVID JENNINGS demands a trial by jury, and judgment against the DEFENDANTS, ANDREW POLLOCK, Broward Sherriff Deputy, in his individual and official capacity; JAYSON MORENO, Broward Sherriff Deputy, in his individual and official capacity; RAYMOND MAYCOCK, Broward Sherriff Deputy, in his individual and official capacity; JUSTIN VICTOR LUGO, Broward Sherriff Deputy, in his individual and official capacity; Lieutenant JEAN-BAPTISTE, Broward Sherriff Deputy, in his individual and official capacity; JAVON NORMAN FOX, Broward Sherriff Deputy, in his individual and official capacity, for special damages, damages for past, present, and future medical expenses, compensatory damages, exemplary and punitive damages, pain and suffering, and impairment of future earning capacity, together with attorney's fees and the costs of this suit and such other relief as the court may deem just and proper.

Dated this 30th day of May 2023.

Respectfully submitted,

LETT LAW, PLLC
*Attorney for the Plaintiff*
6303 Blue Lagoon Drive
Suite 400
Miami, Florida 33126
Phone: (305)-912-5388
Email: alett@lettlawfirm.com
/s/ Ariel Lett_____
Ariel Lett, Esq.
Florida Bar No. 115513
